STATE OF NORTH CAROLINA EX REL. DEBRA BLOSSOM, PLAINTIFF v.
DENNIS LEE MURRAY, DEFENDANT

No. 9012DC644

(Filed 6 August 1991)

1. **State § 4.2 (NCI3d)— illegal garnishment of pay—reimbursement by State—sovereign immunity doctrine inapplicable**

   The sovereign immunity doctrine did not deprive the court of jurisdiction to order the State to reimburse defendant for monies it illegally garnished from his military pay for child support and past public assistance pursuant to an order of garnishment obtained by the State.

   **Am Jur 2d, Bastards § 132; Municipal, County, School, and State Tort Liability §§ 65, 67.**

2. **Rules of Civil Procedure § 60.3 (NCI3d)— dismissal of action— jurisdiction to correct deficiency in original order**

   The court's dismissal under Rule 41(a) of an action to recover child support and past public assistance after blood tests showed that defendant could not be the father of the child did not deprive the court of jurisdiction under Rule 60(b)(6) to correct a deficiency in the original order by ordering the State to reimburse defendant for monies it illegally garnished from his military pay for child support and past public assistance.

   **Am Jur 2d, Dismissal, Discontinuance, and Nonsuit §§ 81, 82.**

APPEAL by plaintiff from order entered 20 April 1990, *nunc pro tunc* 5 April 1990, by *Judge Sol G. Cherry* in CUMBERLAND County District Court. Heard in the Court of Appeals 23 January 1991.

In April, 1987 the State of North Carolina, through its Child Support Enforcement Agency, initiated this action to require defendant to support his alleged child, Dominique Shontae Blossom, then one year old, and to indemnify the State for all assistance it had given the child theretofore. Defendant was then in the United States Army stationed in Germany, and while the complaint stated that defendant was "stationed overseas," it did not state that he was in the Army and under the protection of the Soldiers and

Sailors Civil Relief Act. Defendant was served by registered mail on 11 May 1987, and on 25 June 1987, no answer to the complaint having been filed, the State obtained an order establishing that defendant was the father of the child and directing him to thereafter pay $230 a month for the child's support and an additional $20 for past public assistance. The payments ordered not having been made, on 7 July 1988 the State obtained an order of garnishment against defendant's employer, the United States Army, and pursuant thereto received sums periodically taken from defendant's pay that amounted to $2,002.42. On 12 October 1988 defendant moved to quash the complaint and void all orders entered on the ground that his rights under the Soldiers and Sailors Civil Relief Act, 50 U.S.C.A. App. Sec. 520 (1990), had been violated. When the motion came on to be heard, upon it appearing that defendant denied that he was the father of the child, the court ordered that blood testing be done to determine the fatherhood issue. In a hearing attended by the State and defendant's counsel on 4 May 1989, upon it being disclosed that the blood tests showed that defendant could not be the father of the child, the State requested that the court order the dismissal of the action pursuant to the provisions of Rule 41(a), N.C. Rules of Civil Procedure. The order of dismissal that was entered did not refer to either the results of the paternity tests, the order of paternity, or the money garnished from defendant's pay; nor did the order state whether the dismissal was with or without prejudice. On 22 August 1989 defendant moved for a Judgment to Reimburse Defendant for Monies Withheld, and pursuant thereto on 12 October 1989 the court entered an order declaring that defendant was not the father of the child, that $2,002.42 had been improperly garnished from defendant's wages, and requiring the State and plaintiff to reimburse defendant for the monies illegally obtained. The order was not appealed. On 29 March 1990 the State moved under Rule 60(b)(4), N.C. Rules of Civil Procedure, to vacate the order on the ground that the trial court had no subject matter jurisdiction. The appeal is from a denial of that motion.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General T. Byron Smith, for plaintiff appellant.*

*No brief filed for defendant appellee.*

PHILLIPS, Judge.

The State contends here, as it did below, that the order of reimbursement is void because the court had no subject matter

STATE ex rel. BLOSSOM v. MURRAY

[103 N.C. App. 653 (1991)]

jurisdiction for two reasons — first, because the action had been ordered dismissed pursuant to the provisions of Rule 41(a), N.C. Rules of Civil Procedure; second, because the State ·is immune against being sued without its consent and having a money judgment entered against it. Neither contention has merit.

[1] The inapplicability of the sovereign immunity doctrine to this case is obvious. The State has not been sued by defendant; nor has a true money judgment been entered against it. By filing the action to obtain money from defendant, the State submitted to the court's jurisdiction for all matters germane to the case and the order entered is very germane, indeed, since it requires the State to return the money it illegally obtained from defendant and has no right to keep. The court not only had the authority to enter the order, it had a duty to do so.

[2] Nor was the court deprived of jurisdiction by the manifestly deficient order of dismissal that was first entered at the State's behest. Under the provisions of Rule 60, N.C. Rules of Civil Procedure, a trial court always has jurisdiction to re-examine and correct the deficiencies in its judgments and orders and we construe the Motion for Judgment to Reimburse Defendant for Monies Withheld as a motion under Rule 60(b)(6) to revise the order of dismissal to include the just conditions that should have been contained in it to start with and which the court no doubt overlooked. The conclusions that defendant was not the child's father and the State was obligated to reimburse defendant for the monies it illegally garnished from his pay arose as a matter of law from the paternity test results, which plaintiff and the court accepted as binding when the first order was entered, and stating those conclusions and ending the case properly in compliance with the law was the court's duty.

Affirmed.

Judges EAGLES and WYNN concur.